859 F.2d 152
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis BURRIS, Plaintiff-Appellant,
v.
TENNESSEE DEPARTMENT OF CORRECTIONS, Defendant,
Barry W. Davis; Ron Kissner; Adolph Rhodes; Hollis
Bratcher, Defendants- Appellees.
 No. 88-5331.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1988.
 
 Before WELLFORD and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Burris, a pro se prisoner, appeals the district court's judgment dismissing his civil rights complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). He has also filed motions seeking an order directing the district court clerk to serve a named defendant whose whereabouts were unknown at the time this case was pending in that court, a subpoena to procure the testimony of this defendant before this court, and a transcript of the hearing held before the district court magistrate. Burris alleged in his complaint that employees of the Tennessee State Prison had denied him the right to use the postal service and have legal papers notarized, and that he had been placed in punitive segregation in retaliation for his attempt to exercise those rights.
 
 
 3
 Upon consideration, we conclude that the facts found by the magistrate following a hearing show that plaintiff did not state a claim of denial of access to the courts. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). We also find plaintiff's complaint regarding being placed in punitive segregation to be without merit as the record shows he was accorded due process, Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), and that some evidence supported the action of the disciplinary board. Hill v. Superintendent, Mass. Corr. Inst. at Walpole, 472 U.S. 445, 455-56 (1985).
 
 
 4
 Further, we conclude that appellant's motions are without merit. As this case is no longer before the district court, the motion requesting service on one defendant is untimely. A transcript of the hearing before the magistrate is unnecessary, as appellant was previously afforded the opportunity to object to the magistrate's findings of fact. Finally, as we have determined that oral argument is not necessary, no subpoena is required.
 
 
 5
 Accordingly, the judgment of the district court dismissing this case as frivolous is hereby affirmed and appellant's motions are hereby denied. Rule 9(b)(5), Rules of the Sixth Circuit.